(15 Misc. Rep. 222.)

### QUARCH et al. v. METZ.

(City Court of New York, General Term. February 7, 1896.)

1. REPLEVIN—RELEASE OF SURETY ON BOND.
   An order of court releasing one of two sureties on an undertaking given by defendant in replevin upon reclaiming the property does not bind defendant or the cosurety, neither of whom were served with notice of motion.

2. SAME—CONSENT OF PLAINTIFF.
   Where an undertaking given by defendant in replevin upon reclaiming the property has been approved, an order releasing one of the sureties thereon, without the consent of the plaintiff, is erroneous.

Appeal from special term.

Action of replevin by Edward Quarch and others against Joseph Metz. From an order permitting one of the sureties on defendant's undertaking given on reclaiming the property to withdraw therefrom, plaintiffs appeal. Reversed.

Argued before VAN WYCK, C. J., and McCARTHY and SCHUCHMAN, JJ.

Myers & Bronner, for appellants.
Grossman & Vorhaus, for appellee.

VAN WYCK, C. J. The plaintiffs replevied chattels, and under the writ in replevin the sheriff took the same from defendant, who reclaimed the property, and gave an undertaking executed by one Pius and one Reitman as sureties. After the justification, on examination, of these sureties, the undertaking was duly approved, and the sheriff returned the property replevied to defendant. About a month thereafter, the surety Reitman moved at special term, in this action, for leave to withdraw as a surety on the undertaking; and this motion was granted, against plaintiffs' objection, by the order from which they now appeal. This order provided for Reitman's withdrawal, and directed the defendant, within three days after entry of order, to deliver the property replevied to the plaintiffs, and that defendant might thereafter reclaim and repossess himself of the same upon giving a new undertaking to plaintiffs, to be approved by a justice of this court, and further directed that, upon such approval, Reitman be released from all liability except for such damages as plaintiffs had sustained before such approval of the new undertaking.

The surety Reitman's notice of motion was directed to the attorneys for plaintiffs and to the attorney for defendant. The plaintiffs appeared, and opposed the motion; but the defendant did not appear, and no proof of service upon him is made. The notice was not directed to, or served upon, Reitman's cosurety, Pius, and she did not appear. Both the defendant and this cosurety should have been brought into court before either of them could be bound by the order. As soon as this reclaiming defendant's undertaking had been approved, after examination of the sureties, it became a fixed contract between the sureties and the plaintiffs, which could not be changed or disturbed by the court, or otherwise, except upon the consent of the plaintiffs, for whose protection it was given.

The order appealed from is reversed, with costs; and the motion is denied, with $10 costs. All concur.